IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| FRIEDMAN & FRIEDMAN, LTD., an Illinois Corporation, JEANNE ENDERS, ARIE S. FRIEDMAN, GAIL TULER FRIEDMAN, and EUGENE F. FRIEDMAN,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>vs.<br><br>TIM McCANDLESS INC., an Iowa Corporation, PAUL ROLOFF, SWIETER AIRCRAFT SERVICES, INC., an Iowa Corporation, IRWIN SWIETER, and RICHARD BAXTER,<br><br>    Defendants/Counterclaim Plaintiff. | No. C05-2007<br><br>RULING ON RENEWED MOTION IN LIMINE |

## I. INTRODUCTION

This matter comes before the Court on the Renewed Motion in Limine (docket number 52) filed by Plaintiffs Friedman & Friedman, LTD. and Jeanne Enders on March 14, 2008. Plaintiffs argue that certain evidence and testimony should be barred at trial. Defendants Tim McCandless, Inc., Paul Roloff, Swieter Aircraft Services, Inc., Irvin Swieter, and Richard Baxter filed a "Brief of Authorities in Support of Objections to Evidentiary and Other Legal Matters" on March 13, 2008. Defendants' brief addresses some of the issues raised in Plaintiffs' Motion in Limine and fails to address other issues.

1

## II. MOTION IN LIMINE

The Motion in Limine filed by Plaintiffs is in eleven parts: First, Plaintiffs request that the Court bar introduction into evidence of any documents not disclosed in Defendants' Rule 26 disclosures in Case No. 05-cv-0114 provided to Plaintiffs on November 10, 2005.[1] According to Plaintiffs, Defendants are limited to introducing the contract for purchase of the airplane and the Memorandum Opinion and Order for the case, "Friedman & Friedman, LTD. and Jeanne Enders v. Tim McCandless, Inc., Paul Roloff, Swieter Aircraft Services, Inc., Irvin Swieter, and Richard Baxter," Case No. 04 L 5237, filed on December 1, 2004 in the Circuit Court of Cook County, Illinois. Second, Plaintiffs request that any testimony from Tim McCandless, Paul Roloff, Irvin Swieter, Richard Baxter, Robert Dieter, Mark Fransdale, or any other witness not listed in Plaintiffs' Pretrial Order regarding Defendants' counterclaim be barred at trial. Third, Plaintiffs object to Defendants offering any testimony, documents, or any other evidence relating to the amount of damages Defendants claim they "may have suffered as a result of the alleged activities of [Plaintiffs]."[2] Fourth, Plaintiffs request that any testimony or other evidence concerning Jeanne Enders be barred from trial. Fifth, Plaintiffs request that any expert reports or opinions relating to Defendants' counterclaim be barred at trial. Sixth, Plaintiffs request that any testimony or exhibits concerning the Memorandum Opinion and Order, Case No. 04 L 5237, from Illinois be barred from trial. Seventh, Plaintiffs request that any evidence or testimony that Defendant Tim McCandless, Inc. sold the plane in question to anyone other than Plaintiffs be barred at trial. Eighth, Plaintiffs object to any evidence or testimony which suggests that Plaintiffs brought suit against

---

[1] On November 15, 2005, Magistrate Judge John A. Jarvey entered an Order (docket number 24) granting Plaintiffs' Motion to Consolidate Case No. 05-cv-0114 and the present case, No. 05-cv-2007. The first eight parts of Plaintiffs' Motion in Limine deal generally with Defendants' Rule 26 disclosures from Case No. 05-cv-0114.

[2] *See* Plaintiffs' Renewed Motion in Limine (docket number 52) at 3.

2

Defendants in Illinois for the purpose of claiming or establishing that Arie Friedman was not Plaintiffs' agent. Ninth, Plaintiffs request that the Court bar introduction into evidence of any documents not disclosed in Defendants' Rule 26 disclosures in the present case, Case No. 05-cv-2007, provided to Plaintiffs on July 8, 2005. Plaintiffs maintain that Defendants are limited to introducing the following documents, Swieter Aircraft Services, Inc. records concerning the plane, Tim McCandless, Inc. records concerning the plane and its sale, and correspondence between Robert Dieter and Plaintiffs and Dieter's non-privileged documents regarding negotiations for the sale of the plane with Plaintiffs. Tenth, Plaintiffs request that testimony from any particular witness on any topic not disclosed in Defendants' Rule 26 disclosures for the present case be barred at trial. Lastly, Plaintiffs object to any expert opinions in connection to Plaintiffs case against Defendants.

### III. ANALYSIS
### A. Rule 26 Disclosures
#### 1. Documents

Plaintiffs contend that Defendants should not be allowed to offer any documents which were not disclosed in Defendants' two Rule 26 disclosures for the two cases which were consolidated in this matter. Specifically, Plaintiffs assert that Defendants should only be allowed to offer the following documents into evidence at trial: (1) The contract for purchase of the airplane, (2) the Memorandum Opinion and Order for the case, "Friedman & Friedman, LTD. and Jeanne Enders v. Tim McCandless, Inc., Paul Roloff, Swieter Aircraft Services, Inc., Irvin Swieter, and Richard Baxter," Case No. 04 L 5237, filed on December 1, 2004 in the Circuit Court of Cook County, Illinois, (3) Swieter Aircraft Services, Inc. records concerning the plane, (4) Tim McCandless, Inc. records concerning the plane and its sale, (5) correspondence between Robert Dieter and Plaintiffs, and

(6) Dieter's non-privileged documents regarding negotiations for the sale of the plane with Plaintiffs.[3]

FED. R. CIV. P. 26 requires initial disclosures from both parties at the outset of a lawsuit. FED. R. CIV. P. 26(a)(1)(A) provides in pertinent part: "[A] party must, without awaiting a discovery request, provide to other parties: (ii) a copy--or description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(3) provides in pertinent part: "[A] party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: (iii) an identification of each document or other exhibit, including summaries of other evidence--separately identifying those items the party expects to offer and those it may offer if the need arises." Additionally, FED. R. CIV. P. 26(e)(1) provides in pertinent part: "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Under FED. R. CIV. P. 37(c)(1), when a party does not provide initial disclosures as ordered in Rule 26(a) or supplement them as required by Rule 26(e), the information which was not initially disclosed may be subject to exclusion from trial. Rule 37(c)(1) provides in pertinent part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial . . . unless the failure was substantially justified or is harmless." Rules 26(a) and 37(c) "permit a court to exclude untimely evidence unless the

---

[3] Plaintiffs' assertions with regard to the evidence which may be offered at trial corresponds with Plaintiffs' first and ninth requests in their motion in limine.

4

failure to disclose was either harmless or substantially justified." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998).

In their Rule 26(a) disclosures, Defendants identified broad classes of documents, including "records concerning the aircraft" of Swieter Aircraft Services, Inc. and Tim McCandless, Inc. While it is somewhat difficult to be certain, it would appear that Defendants' Exhibits C and D fall within that broad disclosure. Similarly, Exhibits E, F, and G are explicitly disclosed. According to the Final Pretrial Order, Plaintiffs do not object to Exhibits A and B. Therefore, the Court concludes that Plaintiffs' Motion in Limine regarding Exhibits A-G should be denied.

*2. Witnesses*

Next, Plaintiffs argue that Defendants' witnesses and the witnesses' testimony should be limited to the information in Defendants' Rule 26 disclosures in the two consolidated cases.[4] Defendants' Rule 26 disclosures for Case No. 05-cv-0114 simply provides the names of Tim McCandless, Paul Roloff, Irvin Swieter, Robert Dieter, and Mark Fransdale as "persons [that] are likely to have discoverable information in support of Plaintiffs['] claims." This particular Rule 26 disclosure does not provide any information regarding the testimony or information that any of these individuals might offer at trial. Defendants' Rule 26 disclosures in Case No. 05-cv-2007 provides the following individuals as potential witnesses: (1) Tim McCandless; who will testify as to the "condition of the aircraft" and "discussions with Plaintiffs concerning the sale" of the aircraft, (2) Paul Roloff; who will testify as to "discussions with Plaintiffs concerning the sale 'as is' of the aircraft," (3) Irvin Swieter; who will testify as to the "condition of the aircraft at the time of delivery and the inspection made prior to delivery," (4) Richard Baxter; who will testify as to the "condition of the aircraft prior to delivery to Plaintiffs,"

---

[4] Plaintiffs' contentions with regard to witnesses and witness testimony at the trial corresponds with Plaintiffs' second and tenth requests in their motion in limine.

5

and (5) Robert Dieter; who will testify as to "negotiations with Plaintiffs concerning the sale of the aircraft."

FED. R. CIV. P. 26 requires initial disclosures from both parties at the outset of a lawsuit. FED. R. CIV. P. 26(a)(1) provides in pertinent part: "[A] party must, without awaiting a discovery request, provide to other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. FED. R. CIV. P. 26(a)(3) provides in pertinent part: "[A] party must provide to other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: (i) the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises." Additionally, FED. R. CIV. P. 26(e)(1) provides in pertinent part: "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Under FED. R. CIV. P. 37(c)(1), when a party does not provide initial disclosures as ordered in Rule 26(a) or supplement them as required by Rule 26(e), the information which was not initially disclosed may be subject to exclusion from trial. Rule 37(c)(1) provides in pertinent part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial . . . unless the failure was substantially justified or is harmless." The Eighth Circuit requires a party to inform the opposing party of a witness either through initial disclosure or amendment even if the witness has been referred to elsewhere during discovery. *See Troknya v. Cleveland Chiropractic Clinic*, 280 F.3d

1200, 1205 (8th Cir. 2002) (discussing a defendant's "use of the undisclosed witness . . . would have unfairly prejudiced plaintiffs at trial, even if the witness . . . had been identified or referenced somewhere in the course of discovery"); *see also Trost*, 162 F.3d at 1008 (Rules 26(a) and 37(c) "permit a court to exclude untimely evidence unless the failure to disclose was either harmless or substantially justified.").

In the Final Pretrial Order, Defendants identify Paul Roloff, Irvin Swieter, Richard Baxter, and Robert Dieter as witnesses. All four were identified in Defendants' Rule 26(a) disclosure, served July 8, 2005. Accordingly, all four will be permitted to testify, consistent with the description of their testimony set forth in the Rule 26(a) disclosure. The Court will respond to objections that the testimony is "beyond the scope" of the disclosure on a question-by-question basis.

### 3. *Expert Opinions/Witnesses*

Plaintiffs' fifth and eleventh requests are that no expert reports or opinions should be allowed as evidence at the trial. Defendants made no designation of expert witnesses or expert reports. Therefore, the Court determines that Plaintiffs' fifth and eleventh requests in the Motion in Limine should be granted. Thus, Defendants may not call any expert witnesses to testify at the trial or offer any expert reports as evidence at the trial. The Court notes, however, that Irvin Swieter, Richard Baxter, and Robert Dieter, as fact witnesses, may testify as to the "condition of the aircraft at the time of delivery and the inspection made prior to delivery," the "condition of the aircraft prior to delivery to Plaintiffs," and the "negotiations with Plaintiffs concerning the sale of the aircraft," respectively.

## B. *Counterclaim Damages*

Plaintiffs argue that Defendants should be precluded from offering any testimony, documents, or other evidence relating to the amount of damages suffered by Defendants

under their counterclaim.[5] Defendants do not address this issue. FED. R. CIV. P. 26(a)(1) provides in pertinent part: "[A] party must, without awaiting a discovery request, provide to other parties: (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Defendants made no disclosures under Rule 26(a)(1)(A)(iii). Therefore, the Court finds that Plaintiffs' third request in the Motion in Limine should be granted.

### C. Illinois Circuit Court Case

Plaintiffs argue that Illinois Circuit Court case, case no. 04 L 5237, was appealed to the Appellate Court of Illinois, First Judicial District, and that the appellate decision represents the final status of the case and supplants the circuit court decision. Thus, Plaintiffs contend that the circuit court decision should not be allowed into evidence. Defendants do not address this issue. The Court reserves ruling on this issue because it has not seen the appellate court decision and has been unable to locate it online.

### D. Sale of the Airplane to another Party

Plaintiffs argue that Defendants should be barred from offering any evidence or testimony that Tim McCandless, Inc. sold the airplane to anyone other than Plaintiffs. Plaintiffs indicate that they are concerned that Defendants will attempt to argue that the plane was sold to another party and the Plaintiffs are not the real party in interest. In the Final Pretrial Order, the parties stipulated to the fact that Plaintiffs, "Friedman and Enders purchased an aircraft . . . from [Defendant] McCandless in May, 2002."[6] The Court will

---

[5] Plaintiffs' argument with regard to counterclaim damages corresponds with Plaintiffs' third request in their motion in limine.

[6] *See* Final Pretrial Order (docket number 59) at 2.

8

allow testimony regarding the sale of the airplane to Plaintiffs by Defendants, all of the parties involved in that sale, and the manner of the sale.

### *E. Purpose of Illinois Case*

Lastly, Plaintiffs argue that Defendants should not be allowed to introduce "irrelevant and inflammatory evidence" that the purpose of Plaintiffs' case in Illinois was to establish that Arie Friedman was not an agent for Friedman & Friedman, LTD. Defendant does not address this issue. The Court will reserve ruling on this issue at this time.

### ORDER

IT IS THEREFORE ORDERED that the Renewed Motion In Limine (docket number 52) filed by the Plaintiffs is hereby **GRANTED** in part and **DENIED** in part, as set forth above.

DATED this 21st day of March, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA